# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-318
Lower Tribunal No. 04-36070
_____

**Alex Brito,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina M. Miranda, Judge.

Alex Brito, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

We affirm the trial court's order denying Alex Brito's motion to correct jail credit in lower court case number 04-36070. To the extent Brito seeks a correction of county jail credit awarded, the motion was untimely. See Fla. R. Crim. P. 3.801(b) (providing that "[n]o motion [for correction of jail credit] shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final. For sentences imposed prior to July 1, 2013, a motion under this rule may be filed on or before July 1, 2014.")

Further, and to the extent that Brito asserts an entitlement to time he previously served in state prison on another case (00-20146), this assertion is conclusively refuted by the face of the judgment and sentence in the instant case. The judgment and sentence in 04-36070 establishes that Brito was sentenced to twenty-five years in prison, with a ten-year minimum mandatory, and was awarded credit from the date of his arrest on December 3, 2004 to the date of his sentencing on January 13, 2006 (406 days). Brito claims, without any support, that he should also have received, as against this sentence, credit for the four years he served in state prison (from July of 2000 to July of 2004) in lower court case number 00-21478. However, Brito failed to allege or establish any basis for this claim.[1]

_____

[1] On January 13, 2006, Brito entered a negotiated plea to three separate cases (04-36070, 00-21478 and 00-20146). On all three cases, the trial court imposed concurrent sentences of twenty-five years. Case numbers 00-21478 and 00-20146 involved negotiated pleas to violations of probation or community control following Brito's release from a prior prison sentence served on those cases. In those cases, the trial court revoked community control/probation, imposed

2

Affirmed.

---

sentence, and awarded Brito credit for the prison time he had previously served (from July 2000 to July 2004). It appears that Brito believed that, because he received a concurrent sentence in 04-36070, he was entitled in that case to an award of the prison credit he received in 00-21478 and 00-20146. This belief was mistaken, and the trial court specifically provided in its sentence that Brito would receive credit on that case "from 12/3/2004 only."